IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

KNOXVILLE DIVISION

| | |
|---|---|
| J.J.B. HILLIARD, W.L. LYONS, LLC.<br>Plaintiff,<br><br>vs.<br><br>SUNTRUST BANK, INC.<br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Judge Tena Campbell<br>Case No. 3:11-cv-275 |

## I. Introduction

Plaintiff J.J.B. Hilliard, W.L. Lyons, (Hilliard-Lyons) a broker-dealer, entered into a settlement agreement to resolve claims brought against it and one of its registered representatives, Stanley Shelton, in a Financial Industry Regulatory Authority (FNRA) arbitration. The claimants were former clients of Hilliard-Lyons, Monty and Ken Yokel. Hilliard-Lyons filed a third-party claim against Defendant SunTrust Bank, Inc. (SunTrust) in the arbitration action, but SunTrust, which was not a FNRA member, did not participate.

Before the arbitration concluded, Hilliard-Lyons settled the case. Hilliard-Lyons then filed this lawsuit contending that SunTrust is liable under theories of indemnity and contribution for the amount Hilliard-Lyons paid the Yokels as settlement and for Hilliard-Lyons' costs, expenses, and attorneys' fees. SunTrust has moved to dismiss this lawsuit and, for the reasons explained below, the court GRANTS the motion.

## II. Analysis[1]

In ruling on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all of the well-pleaded factual allegations in Plaintiff's complaint and construe them in the light most favorable to plaintiff. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The Supreme Court has cautioned that although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). Moreover, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### A. Indemnity

Hilliard-Lyons does not allege that it is entitled to indemnity from SunTrust because of a contractual agreement between Hilliard-Lyons and SunTrust. Instead, Hilliard-Lyons maintains that SunTrust is liable under a theory of implied indemnity because the claims Hilliard-Lyons settled in arbitration were the result of SunTrust's actions. But, contrary to Hilliard-Lyon's contention, many of the claims the Yokels brought in arbitration were based on Stanley Shelton's

---

[1] The parties thoroughly described the factual and procedural backgrounds of this case in their pleadings. The court will not repeat them except when necessary to explain the Order.

alleged misdeeds and mishandling of the Yokels' accounts at Hilliard-Lyons and have no connection whatsoever to Mr. Shelton's accounts at SunTrust. This is illustrated by the allegation made by the Yokels in their Statement of Claim (the charging document in the arbitration) that "[t]he facts will show a complete lack of supervision by Hilliard Lyons as well as complicity of Hilliard Lyons in the wrongful and fraudulent actions of Shelton." (Statement of Claim at 3, Dkt. No. 24.)

A decision by the Sixth Circuit Court of Appeals, *Olin Corp. v. Yeargin, Inc.*, 146 F.3d 398 (6th Cir. 1998), is instructive although it involved an indemnity clause in a contract between the parties. Olin, an operator of a chlorine-producing facility, had a contract with Yeargin Corporation to have Yeargin do construction and maintenance work for Olin. Several Yeargin employees were exposed to mercury while they were working on an Olin project. The employees sued Olin, but before trial, Olin settled the case. Olin then sued Yeargin seeking to recover the settlement amount and related costs. The trial court granted Olin's motion for partial summary judgment on its claim for indemnity and Olin appealed.

The Sixth Circuit affirmed the district court, discussing in length Tennessee's adoption of the doctrine of comparative fault in *McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn. 1992), and the effect it had on Olin's claims:

> Thus, had the *Rayburn* plaintiffs [the Yeargin employees who had entered into a settlement agreement with Olin] proceeded to trial on the remaining claims, Olin could have raised Yeargin's fault as an affirmative defense. Alternatively, Olin could have asserted a third-party complaint against Yeargin. In either case, the jury would have apportioned fault to Yeargin at trial because plaintiffs' claims against Yeargin were not barred by workers' compensation. Instead, Olin reached a settlement with the *Rayburn* plaintiffs prior to trial. Because *McInTyre* adopted comparative negligence before Olin negotiated a settlement, Olin was only responsible for settling its portion of liability, just as a jury at trial would have

3

> assigned legal fault only in proportion to the percentage of fault attributable to
> Olin.  Thus, any payment Olin made on behalf of Yeargin would have been
> voluntary and Yeargin is not obligated to indemnify Olin for a voluntary payment
> unless the payment was made with Yeargin's knowledge and approval.  As
> Yeargin expressed no such knowledge or approval, Olin is not entitled to
> reimbursement.[2]

*Olin*, 146 F.3d at 405-406 (citations omitted).

Hilliard-Lyons argues that *Olin* is not controlling in this case because *Olin* involved contractual, not implied, indemnity.  The court disagrees.  The language and reasoning in *Olin* make clear that the court's decision applies to any claim of indemnity, contractual or implied.

Moreover, the Statement of Claim and the Stipulation of Dismissal ("any and all claims against Hilliard Lyons set forth in the Statement of Claim . . . should be, and hereby are, dismissed with prejudice . . . .") show that Hilliard-Lyons settled only the claims brought against it.  (See Statement of Claim, Dkt. No. 24; Stipulation of Dismissal at 1, Dkt. No. 25.)

For these reasons, the court GRANTS SunTrust's Motion to Dismiss, Count 1, the claim for indemnity.

### B. Contribution

For basically the same reasons that the court dismissed Hilliard-Lyon's claim for indemnity, the court dismisses its claim for contribution.  That portion of the *Olin* court's holding which relied on principles of comparative fault and the *McIntyre* decision apply to a claim for contribution.  Moreover, in dismissing Olin's claim for contribution, the court quoted § 29-11-102 (d) of the Tennessee Code which states that "[a] tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the

---

[2] Here, SunTrust contends, and Hilliard-Lyons does not dispute, that SunTrust did not approve the settlement.  (It is unclear whether SunTrust knew of the settlement.)

4

injury or wrongful death *is not extinguished by the settlement . . . .*" *Olin*, 146 F.3d at 407 (emphasis in original).

Hilliard-Lyons argues that § 29-11-102 (d) is not controlling here because Hilliard-Lyons did not bring its claim for contribution under the statute. But that argument is not persuasive because the legislature, when it enacted § 29-11-102, established the rules that govern contribution among joint tort-feasors, whether or not a party has cited the statute in its pleadings.

Because the settlement between the Yokels and Hilliard-Lyons did not extinguish any claims the Yokels might have against SunTrust, the court dismisses count 2, the claim for contribution.

### C. Fairness

Hilliard-Lyons contends that because SunTrust refused to join in the FNRA arbitration proceeding, fairness demands that it be allowed to proceed with its claims for indemnity and contribution. However, although SunTrust was not a party to the arbitration, Hilliard-Lyons was undoubtedly free to point to SunTrust's allegedly negligent actions as a defense to the Yokels' claims that Hilliard-Lyon's was at fault. This "empty chair" defense is common in tort actions.[3] In that way, Hilliard-Lyons could have attempted to convince the arbitrator that all or a part of the Yokels' damages were attributable to SunTrust and that SunTrust was not liable for these damages.

---

[3] Black's Law Dictionary gives this definition of the term: "A trial tactic in a multi-party case, whereby one defendant attempts to put all the fault on a defendant who settled before trial or was not named as a party." *Black's Law Dictionary* 546 (7th ed. 1999).

### III. Conclusion

As a result, Hilliard-Lyons has no remaining claims. Therefore, the court GRANTS SunTrust's motion to dismiss (Dkt. No. 9).

SO ORDERED this 19th day of November, 2012.

BY THE COURT:

*Tena Campbell*

ENTERED AS A JUDGMENT
  s/ *Debra C. Poplin*
  CLERK OF COURT

TENA CAMPBELL
U.S. District Court Judge